WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Mary Quiala,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-01593-PHX-DJH<br><br>**ORDER** |

Plaintiff Kathleen Mary Quiala ("Plaintiff") has filed a Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (Doc. 29).[1]  The Motion seeks an award of $12,203.30 in fees. (*Id.* at 2).  Plaintiff's counsel also requests $400.00 in costs expended for the complaint filing. (*Id.* at 3).

**I.    Background**

On February 10, 2022, the Court issued an Order reversing the Administrative Law Judge's ("ALJ") decision in this case and remanding the case for further proceedings. (Doc. 27).  In that Order, the Court found that the ALJ erred by not adequately explaining the reason she omitted Plaintiff's mental limitations in her RFC determination. (*Id.* at 13). Accordingly, the Court reversed and remanded to the ALJ for further proceedings. (*Id.*)

**II.    Legal Standard**

In any action brought by or against the United States, except one sounding in tort, the EAJA provides that "a court shall award to a prevailing party other than the United

---

[1] The motion is briefed. (Docs. 32; 33).

States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

In the context of Social Security appeals, "attorneys' fees are to be awarded to a party winning a . . . remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995)). Under the EAJA, there is "a presumption that fees will be awarded to the prevailing party." *Flores*, 49 F.3d at 567. "However, Congress did not intend for fee shifting to be mandatory." *Id.* "To show substantial justification for her position, the [Commissioner] has the burden of establishing that her conduct had 'a reasonable basis both in law and fact.'" *Id.* at 569–70 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

When an agency's decision "is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified." *Sisemore v. Comm'r of Soc. Sec. Admin.*, 2022 WL 306978, at *1 (D. Ariz. Feb. 2, 2022) (citation omitted). But the Ninth Circuit has "never stated that every time a court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Id.* (citation omitted).

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010), EAJA fees awarded by the Court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B)). Fees are not to be awarded in excess of a $125 hourly rate, unless the court finds cost of living warrants an increase of this amount. 28 U.S.C. § 2412(d)(2)(A).

The fee applicant bears the burden of documenting the hours spent litigating the case and must submit evidence to support those hours. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The fees and other expenses requested must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Courts have a "great deal of discretion in determining the

reasonableness of" attorney fee awards. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

## III. Discussion

To obtain a fee award Plaintiff must show (1) she is a "prevailing party;" and (2) the government's ("Defendant") position is not "substantially justified." Because Plaintiff is a prevailing party and Defendant's position was not substantially justified, the Court finds Plaintiff is entitled to an award of attorneys' fees under the EAJA.

### A. Prevailing Party Status

First, the Court finds, and Defendant does not contest, that Plaintiff was the prevailing party in this matter. (Doc. 32 at 2); *see Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (finding a plaintiff qualifies as a prevailing party because his suit secured a remand of the SSA's final administrative decision).

### B. Substantial Justification

The Court reversed and remanded the case because it found that the ALJ erred by not adequately explaining the reason she omitted Plaintiff's mental limitations in her RFC determination. (Doc. 27 at 13–16). At step two of the sequential evaluation process, the ALJ concluded Plaintiff's mental health impairments were not severe. (*Id.*) The ALJ assigned Plaintiff mild limitations in three of the four broad functional categories: understanding, remembering, and applying information; interacting with others; and concentration, persistence, and pace. (*Id.*) The Court found the ALJ failed to account for these mild limitations in her RFC determination or explain their omission. (*Id.*) The Court thus reversed and remanded the decision. (*Id.*)

To avoid paying attorney's fees under the EAJA, Defendant must show substantial justification for its position. "When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination." *Layton v. Comm'r of the Soc. Sec. Admin.*, 2017 WL 5158598, at *2 (D. Ariz. Nov. 7, 2017). The Court will therefore focus on whether Defendant has shown

substantial justification for the ALJ's failure to account for Plaintiff's mild limitations in the ALJ's RFC determination or explain their omission.

Defendant argues it has shown substantial justification because the ALJ's lack of discussion of Plaintiff's non-severe mental impairments in the ALJ's RFC finding was harmless error. (Doc. 32 at 4). Defendant asserts that a non-severe mental impairment does not require express findings in the RFC. (*Id.*) Defendant thus says it was reasonable for it to defend the ALJ's RFC findings even if this Court concluded the ALJ's decision was otherwise incorrect. (*Id.* at 5).

Plaintiff argues it was critical for the ALJ to incorporate Plaintiff's mental limitations into the RFC because she had a documented mental impairment and post stroke residual symptoms. (Doc. 29 at 5). Thus, Plaintiff argues the Court's finding that the ALJ failed to provide specific reasons for Plaintiff's non-severe mental impairments was correct and Defendant cannot show its position is substantially justified. (*Id.*)

The Court finds Defendant fails to show substantial justification for its position. Although Defendant claims a non-severe mental impairment does not require express findings in the RFC, the Court finds this insufficient to show substantial justification for its position. Defendant takes issue with the Court's reliance on *Hutton v. Astrue* because it is non-binding authority. 491 F. Appx. 850, 850–51 (9th Cir. 2012). Although true, the Court also pointed to several district court cases that likewise found an ALJ must consider the mild functional limitations which result from a non-severe mental impairment in their RFC discussion. (*See* Doc. 27 at 15) (citing *Frary v. Comm'r of Soc. Sec.*, 2021 WL 5401495, at *13 (E.D. Cal. Nov. 18, 2021) (citing *Denney v. Saul*, 2019 WL 4076717, at *7–8 (E.D. Cal. Aug. 29, 2019)); *Lindsay v. Berryhill*, 2018 WL 3487167, at *6 (C.D. Cal. July 18, 2018))). The Court then acknowledged other district courts that have distinguished *Hutton* but noted that even in those cases the ALJ still considered some evidence related to the plaintiff's mental impairments beyond step two of the sequential process. (*Id*. at 16).

The ALJ plainly did not do so here, and the Court thus rejects Defendants argument that its position was substantially justified. Indeed, the Ninth Circuit has found "it will be

only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was revered as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002)) (internal quotation marks omitted). Defendant has not carried its burden or shown that this is a "decidedly unusual case." *Id.* The Court therefore finds Defendant's position was not substantially justified.

### C. Reasonableness of Fees Requested

When awarding a party attorneys' fees under the EAJA, the court must determine the reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001). This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation marks omitted).

Defendant does not contest that Plaintiff's requested award of $12,203.30 is unreasonable. (Doc. 32 at 6). Defendant simply argues any fees awarded must be made payable to Plaintiff, not her attorney, under *Astrue v. Ratliff*, if Defendant finds that Plaintiff has a government debt. (*Id.*) The Court agrees and will include such instructions in its ordering language.

Plaintiff's attorney spent 56.2 hours on this case: 2.3 hours in 2020, 51.2 hours in 2021, and 2.7 hours in 2022. (Doc. 29 at ¶ 7). The hourly rates are consistent with the Ninth Circuit's EAJA rates, and the Court finds Plaintiff's fees reasonable. (Doc. 29-2); *see Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) (holding that "the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification").

### IV. Conclusion

The Court grants Plaintiff's Motion for Attorney Fees under the EAJA. The EAJA award must ultimately go to Plaintiff, not his attorney. *Ratliff*, 560 U.S. at 595–98. Thus, the Court will order the check, payable to Plaintiff, be mailed to Plaintiff's counsel's office.

*Id.* This award is also subject to the Treasury Department's Offset Program. *Ratliff*, 560 U.S. at 595–98 (2010).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees for Attorney Fees under the Equal Access to Justice Act (Doc. 29) is **granted**. Plaintiff is awarded $12,203.30 in attorney fees and $400.00 in costs. Any check for EAJA fees shall be made out to Kathleen Mary Quiala, and mailed to Plaintiff's counsel: Karl E. Osterhout, Esquire; 521 Cedar Way, Suite 200; Oakmont, Pennsylvania 15139.

**IT IS FURTHER ORDERED** that if after receiving this Order, the Commissioner: (1) determines upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727(b), the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 31st day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge